**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BRETT TONEY,**

                      **Plaintiff,**

      **vs.**                                          **04-CV-1174**

**GLENN GOORD, Commissioner DOCS; WILLIAM LAPE,**
**Superintendent, Marcy Correctional Facility;**
**MICHAEL McDONALD, Deputy Superintendent of**
**Programs; MS. S. MULVIHILL, Senior Correctional**
**Counselor of Marcy Correctional Facility;**
**DAVID MOULTON, Correctional Counselor of Marcy**
**Correctional Facility; JOHN NUTTALL, Deputy**
**Commissioner of Programs; DR. HAIDER-SHAH,**
**Medical Doctor of Marcy Correctional Facility;**
**and DR. THESEE, Office of Mental Health,**

                      **Defendants.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

                                **DECISION & ORDER**

**I.   INTRODUCTION**

     This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. Randolph F. Treece, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.4.  The Report-Recommendation dated March 22, 2006 recommended that Defendants' 12(b)(6) motion to dismiss be granted.  Rep. Rec. p. 23.  Plaintiff filed written

1

objections to the Report-Recommendation.

**II.   DISCUSSION**

When a party objects to the magistrate judge's Report-Recommendation, the Court reviews *de novo* those portions of the findings or recommendations to which the objections are made.  See 28 U.S.C. § 636(b)(1); Brown v. Artuz, 283 F.3d 492, 497 (2d Cir. 2002).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].  The [Court] may also receive further evidence or recommit the matter to the magistrate [judge] with instructions." 28 U.S.C. § 636(b)(1).

Having reviewed the record *de novo* and considered the issues raised in Plaintiff's objections, the Court has determined that, with one exception, the plaintiff's objections are merely a restatement of the case he has set forth thus far and do not raise any new issues to be considered by the Court.  The Court has therefore decided to accept and adopt the recommendations of Magistrate Judge Treece for the reasons stated in the March 22, 2006 Report-Recommendation, with the addition of the following analysis which is meant to address a claim made by the plaintiff that was not addressed by the magistrate judge.[1]

In his objections to the Report-Recommendation, the plaintiff

---

[1] The claim is arguably contained in the Complaint, but it was not clear on what grounds Plaintiff was arguing a due process violation until he filed his objections to the Report-Recommendation.

2

sets forth an argument that, under New York Corrections Law § 136, he is constitutionally entitled (under the Due Process Clause of the 14th Amendment) to the educational program most likely to further his own particular rehabilitation process.  Because this assertion is not supported by the relevant case law, the plaintiff's claim is dismissed.

In support of his claim, the plaintiff cites *Clarkson v, Coughlin*, 898 F. Supp. 1019, 1041 (S.D.N.Y. 1995), which states that "[§ 136] confers upon New York inmates a protected property interest in an educational program 'which, on the basis of available data, seems most likely to further the process of socialization and rehabilitation.'  Depriving an inmate of such a program triggers the protection of the Due Process Clause."  The court in that case, however, also recognized the importance of allowing the Commissioner of Correctional Services discretion in establishing such educational programs, noting that, although some property interest is created, "only the provision of no education at all or education that was wholly unsuited to the goals of a particular inmate's socialization and rehabilitation trigger [14th Amendment protections]."  *Id*.

The plaintiff in this case has interpreted the language from *Clarkson* as meaning essentially that each inmate is entitled to a particularized educational program, tailored to meet his own individual rehabilitation and socialization needs.  Following from

3

this interpretation, the plaintiff asserts that, because regular drug rehabilitation programs have failed to work for him, he is entitled to a different sort of treatment that would be more likely to succeed. Obj. p. 14 (dkt. no. 30). The plaintiff has not claimed that he was deprived of all educational opportunities. Quite to the contrary, in his complaint he lists the various drug treatment programs in which he has taken part. Compl. ¶¶ 23-29 (dkt. no. 1). The plaintiff's claim instead turns on whether § 136 creates a protected property interest in specifically-tailored educational opportunities. Because the Court finds that it does not, the plaintiff's claim with respect to Correction Law § 136 is dismissed.

As discussed by the Second Circuit in *Handberry v. Thompson*, 2006 WL 997252, at *17 (2d Cir. April 4, 2006), many other inmates have previously advanced similar arguments for individualized educational programs based on § 136. These arguments have been considered and consistently rejected. *Id.* (citing *Wright v. Coughlin*, 31 F. Supp. 2d 301, 311 (W.D.N.Y. 1998)("Prison officials need not provide an educational program tailored to the specific needs and circumstances of the inmate."); *Giano v. Cuomo*, 1998 U.S. Dist. LEXIS 17215, *10 (N.D.N.Y. 1998)("Courts have consistently held that NYCL § 136. . . does not. . . provide an educational program tailored to the specific needs and circumstances of the inmate."); *Allah v. Coughlin*, 190 A.D.2d 233, 237 (1st Dept. 1993)

4

(holding that § 136 does not guarantee inmates any specific education or the right to take a high school equivalency exam free of charge); *Lane v. Reid*, 575 F. Supp. 37, 39 (S.D.N.Y. 1983) (holding that § 136 does not create a property interest in full-time education and a full-time job)).  Rather than choosing the interpretation of *Clarkson* favored by the plaintiff here (that each individual inmate is entitled to the educational program that will best meet his own personal needs for rehabilitation), courts have instead interpreted it as meaning that there will be no protected property interest in educational programs unless (1) no education is offered at all, or (2) the education that is offered is wholly unsuited to the statutory goal of rehabilitation **in general**. *Handberry*, 2006 WL 997252, at *17 .

Because Corrections Law § 136 does not entitle inmates to receive individualized educational opportunities while incarcerated, and because the plaintiff has not claimed either (1) that he has been denied all educational opportunities, or (2) that the educational programs provided are in any way unsuited to the general statutory goal of rehabilitation, the plaintiff has failed to state a claim upon which relief can be granted.  This case is therefore dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**III.   CONCLUSION**

The Court accepts and adopts the recommendations of Magistrate Judge Treece for the reasons stated in the March 22, 2006 Report-Recommendation with the addition of the discussion above. Defendants' motion to dismiss [dkt no. 22] is therefore **GRANTED** and the case is **DISMISSED** in its entirety.

**IT IS SO ORDERED**

DATED:   August 28, 2006

Thomas J. McAvoy
Senior, U.S. District Judge